UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MIGUEL DIAZ,<br><br>             Plaintiff,<br><br>        v.<br><br>ASSOCIATE WARDEN HURLEY, et al.,<br><br>             Defendants. | No.  2:15-cv-2083 GEB KJN P<br><br>FINDINGS AND RECOMMENDATIONS |

Plaintiff is a state prisoner, proceeding pro se.  Plaintiff seeks relief pursuant to 42 U.S.C. § 1983, and sought leave to proceed in forma pauperis pursuant to 28 U.S.C. § 1915.  This proceeding was referred to this court by Local Rule 302 pursuant to 28 U.S.C. § 636(b)(1).

As set forth in this court's October 21, 2016 order, on at least three occasions lawsuits filed by the plaintiff have been dismissed on the grounds that they were frivolous or malicious or failed to state a claim upon which relief may be granted:

Diaz v. Vasquez, No. 1:12-cv-0732 SAB dismissed February 25, 2013, for failure to state a claim;

Diaz v. R. Diaz, No. 1:12-cv-1296 AWI SAB, dismissed September 4, 2014, for failure to state a claim; and

Diaz v. R. Diaz, No. 1:13-cv-0453 SKO, dismissed July 28, 2014, for failure to state a claim.

1

1   On December 19, 2007, plaintiff's appeal from <u>Diaz v. State of California</u>, No. 2:04-cv-2375 MCE JFM, was dismissed as not taken in good faith.[1]

Moreover, plaintiff did not allege any facts which suggest that he is under imminent danger of serious physical injury. 28 U.S.C. § 1915(g).

Further, on October 21, 2016, plaintiff was directed to pay the appropriate filing fee within twenty-one days, and warned that failure to comply with this order will result in a recommendation that this action be dismissed. Twenty-one days have now passed, and plaintiff has not paid the court's filing fee.[2]

In accordance with the above, IT IS HEREBY RECOMMENDED that this action be dismissed.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within fourteen days after being served with these findings and recommendations, plaintiff may file written objections with the court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Plaintiff is advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. <u>Martinez v. Ylst</u>, 951 F.2d 1153 (9th Cir. 1991).

Dated: December 9, 2016

_____
KENDALL J. NEWMAN
UNITED STATES MAGISTRATE JUDGE

/diaz2083.1915g.fr

---

[1] In addition, in <u>Diaz v. Sherman</u>, No. 1:13-cv-1627 LJO MJS, plaintiff's in forma pauperis status was revoked on August 5, 2016.

[2] Plaintiff did file an interlocutory appeal. However, no final judgment has yet been entered. "In general, only final judgments of a district court may be reviewed on appeal." <u>Burns v. Chandler</u>, 165 F.3d 1257, 1259 (9th Cir. 1999) (citing <u>Midland Asphalt Corp. v. United States</u>, 489 U.S. 794, 798 (1989)). A district court's decision in a civil case is final if it "'ends the litigation on the merits and leaves nothing for the court to do but execute the judgment.'" <u>California v. Campbell</u>, 138 F.3d 772, 776 (9th Cir. 1998) (quoting <u>Catlin v. United States</u>, 324 U.S. 229, 233 (1945)).