UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MIGUEL ENRIQUE DIAZ,<br><br>Plaintiff,<br><br>v.<br><br>ASSOCIATE WARDEN HURLEY, et al.,<br><br>Defendants. | No. 2:15-cv-2083 GEB KJN P<br><br><br><br>ORDER |

Plaintiff is a state prisoner, proceeding without counsel and in forma pauperis. This action proceeds on plaintiff's claims that while plaintiff was housed at California Medical Facility, defendant Rodriguez retaliated against plaintiff for filing grievances concerning plaintiff's alleged failure to receive a pay raise, in violation of the First Amendment, and violated plaintiff's Eighth Amendment rights by failing to provide ice when temperatures were over 100 degrees in the law library. Plaintiff also alleges that defendants Hurley and Hall failed to train and discipline; that defendants Hurley, Hall and Farmer failed to take corrective measures, and that defendants Rodriguez, Hurley, Hall and Farmer discriminated against plaintiff. Defendants' motion to revoke plaintiff's in forma pauperis status and to dismiss plaintiff's complaint is presently pending, and will be addressed seperately.

Although plaintiff was recently transferred to the California State Prison in Sacramento ("CSP-Sacramento"), his last two filings reflect that he has been returned to the California

Medical Facility.  (ECF Nos. 28, 29.)

On September 1, 2017, plaintiff filed a motion styled, "Motion for Contempt of Court and Monetary Sanctions."  (ECF No. 28.)[1]  Plaintiff claims he was placed in administrative segregation on July 6, 2017, for allegedly false allegations of misconduct.  Plaintiff claims that all of his legal property was taken, but only some of it was returned.  He also claims that on August 28, 2017, he received the declaration from the Deputy Attorney General in case No. 2:14-cv-2705 JAM CKD twenty days after it was filed with the court.  He alleges that he was denied all physical access to the law library at CSP-Sacramento from July 25, 2017, through August 15, 2017.  (ECF No. 28 at 2.)  Plaintiff claims he was placed on the "bus circuit" in retaliation for filing a civil rights lawsuit , and that his typewriter "disappeared" just before he was placed on the bus to CSP-Sacramento.  Plaintiff claims that 45 days have passed and he has not been provided a disciplinary hearing.  Plaintiff seeks an order requiring defendants to return plaintiff's property, and, in the alternative, to pay $500.00 dollars a day until they do so.  Plaintiff also seeks replacement of his typewriter.

First, plaintiff's motion for contempt of court and sanctions is not well taken because plaintiff identifies no order that defendants in this case have allegedly violated.

Second, plaintiff's request concerning property is unavailing.  The United States Supreme Court has held that "an unauthorized intentional deprivation of property by a state employee does not constitute a violation of the procedural requirements of the Due Process Clause of the Fourteenth Amendment if a meaningful postdeprivation remedy for the loss is available."  Hudson v. Palmer, 468 U.S. 517, 533 (1984).  Thus, where the state provides a meaningful postdeprivation remedy, only authorized, intentional deprivations constitute actionable violations of the Due Process Clause.  An authorized deprivation is one carried out pursuant to established state procedures, regulations, or statutes.  Piatt v. McDougall, 773 F.2d 1032, 1036 (9th Cir. 1985); see also Knudson v. City of Ellensburg, 832 F.2d 1142, 1149 (9th Cir. 1987).

In his motion, plaintiff has not alleged any facts which suggest that the deprivation was

---

[1] Review of the cases referred to by plaintiff reflects that he also filed the instant motion in his other two cases:  No. 1:13-cv-1627 DAD MJS, and No. 2:14-cv-2705 JAM CKD.

authorized. The California Legislature has provided a remedy for tort claims against public officials in the California Government Code, §§ 900, et seq. Because plaintiff has not attempted to seek redress in the state system, he cannot sue in federal court on the claim that the state deprived him of property without due process of the law. Thus, his motion for return of property is denied.

Third, plaintiff's claims concerning a violation of his due process rights in connection with disciplinary proceedings in July of 2017 or alleged retaliation in July or August of 2017, or delayed legal mail in August of 2017, are not at issue in this action.[2] Plaintiff does not attribute any of the new allegations as committed by defendants Rodriguez, Hurley, Hall or Farmer. Moreover, such claims (a) do not arise out of the same transaction, occurrence, or series of transactions or occurrences alleged in the instant action, and (b) do not present questions of law or fact common to all defendants named herein. Thus, such claims are not properly raised in this action, but must be raised in separate actions. Fed. R. Civ. P. 20(a)(2).

Fourth, when prisoners are transferred, it is common for such prisoners to experience a delay in receiving their property, including legal materials, because the prisoner is transferred separately from his property. Moreover, by separate order, plaintiff was granted an extension of time in which to oppose defendants' motion.

For all of the above reasons, IT IS HEREBY ORDERED that plaintiff's motion (ECF No. 28) is denied without prejudice.

Dated: September 26, 2017

KENDALL J. NEWMAN
UNITED STATES MAGISTRATE JUDGE

/diaz2083.sanc

---

[2] In addition, a prisoner may bring no § 1983 action until he has exhausted such administrative remedies as are available to him. 42 U.S.C. § 1997e(a). The requirement is mandatory. Booth v. Churner, 532 U.S. 731, 741 (2001). California prisoners or parolees may appeal "departmental policies, decisions, actions, conditions, or omissions that have a material adverse effect on the[ir] welfare. . . ." Cal. Code Regs. tit. 15, §§ 3084.1, et seq.