UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MIGUEL ENRIGUE DIAZ,<br><br>Plaintiff,<br><br>v.<br><br>ASSOCIATE WARDEN HURLEY, et al.,<br><br>Defendants. | No. 2:15-cv-2083 KJM KJN P<br><br>ORDER AND FINDINGS AND RECOMMENDATIONS |

Plaintiff is a state prisoner, proceeding without counsel. Judgment was entered and this action was closed on March 27, 2018. On May 2, 2019, plaintiff renewed his motion to vacate the judgment, and filed a motion to return jurisdiction to the district court. As set forth below, the undersigned denies the motion to return jurisdiction as moot, and recommends that plaintiff's motion to vacate be denied because it was untimely-filed.

I. Background

On July 3, 2017, defendants filed a motion to revoke plaintiff's in forma pauperis status, and to dismiss the complaint. After multiple extensions of time, plaintiff filed an opposition on October 10, 2017. (ECF No. 33.) Defendants filed a reply. (ECF No. 34.)

On October 30, 2017, the undersigned found that plaintiff failed to plausibly demonstrate he faced imminent danger of serious physical injury at the time he filed his complaint, and recommended that (a) defendants' motions be granted, including a recommendation that

1

defendants be granted qualified immunity in connection with plaintiff's heat-cooling claims; (b) plaintiff's in forma pauperis status be revoked; (c) the complaint be dismissed; (d) plaintiff be required to pay the filing fee; and (e) plaintiff be allowed to file an amended complaint thirty days after he paid the filing fee. (ECF No. 35.) Because plaintiff's objections crossed in the mail with the district court's November 21, 2017 order adopting the findings and recommendations (ECF Nos. 36, 37), the district court vacated the order and granted plaintiff an extension of time to file objections.

On January 24, 2018, over plaintiff's objections, the previously-assigned district judge adopted the findings and recommendations in full, revoked plaintiff's in forma pauperis status, dismissed the complaint, and ordered plaintiff to pay the filing fee within twenty-one days, and granted plaintiff leave to file an amended complaint thirty days after the filing fee was paid. (ECF No. 43.)

On March 1, 2018, the undersigned recommended that this action be dismissed based on plaintiff's failure to pay the filing fee. (ECF No. 46.) On March 27, 2018, the findings and recommendations were adopted in full, and this action was dismissed without prejudice.

Plaintiff filed an appeal. While the appeal was pending, plaintiff filed a motion for relief from judgment, which was denied in light of plaintiff's pending appeal. (ECF Nos. 52, 54.) On September 18, 2018, the appeal was dismissed for failure to prosecute.

On May 28, 2019, plaintiff filed motions styled "Motion to Vacate Denial of IFP. . ." and "Motion to Return Jurisdiction to District Court, both signed on May 15, 2019.[1] (ECF Nos. 56, 57.) Defendants filed oppositions. (ECF Nos. 58, 59.) Plaintiff did not file a timely reply. L.R. 230(l).

II. Motion to Return Jurisdiction

Defendants are correct that jurisdiction returned to the district court following the September 10, 2018 order from the Ninth Circuit (ECF No. 55). Pursuant to such order, jurisdiction returned to the district court on October 1, 2018. Because this court now has

---

[1] The Court affords plaintiff application of the mailbox rule as to all his relevant filings. Houston v. Lack, 487 U.S. 266, 275-76 (1988) (pro se prisoner filing is dated from the date prisoner delivers it to prison authorities).

2

jurisdiction, plaintiff's motion to return jurisdiction is moot, and is denied.

III. Motion to Vacate Judgment

    A. The Parties' Positions

In his motion, plaintiff seeks an order vacating the denial of his in forma pauperis status based on alleged "misconduct of defendants and defense counsel," and claims there is no evidence "unless it is fabricated." (ECF No. 56 at 1.) Plaintiff claims that the court should order defendants to provide heat plan logs from May 2015, to the present, to ensure "no fabrication." Plaintiff claims that no special master or class attorney have investigated or spoke with plaintiff or any of the inmates who file appeals in an attempt to document abuses. Plaintiff asks the court to investigate, vacate the order denying plaintiff in forma pauperis status, and issue an order to show cause "on the subornation of perjury and perjury" in this action. (Id.)

Defendants argue that plaintiff's motion is untimely because it was filed over a year after judgment was entered. Fed. R. Civ. P. 60(c)(1). Defendants further argue that plaintiff is not entitled to relief under Rule 60(b)(6): such rule is inapplicable because plaintiff's alleged misconduct grounds fall under a different ground, and 60(b)(6) applies only in extraordinary circumstances not present here. (ECF No. 58 at 2.) Defendants contend that the court carefully considered plaintiff's claims alleging high temperatures in the law library, and found the evidence submitted by defendants rebutted plaintiff's claims, and revoked his in forma pauperis status because plaintiff was not in imminent danger of serious physical injury. Subsequently, plaintiff failed to pay the filing fee, and failed to prosecute his appeal. Defendants argue that plaintiff's failure to pursue this action and the appeal "forecloses any finding of extraordinary circumstances." (ECF No. 58 at 3.)

Finally, defendants note that even if plaintiff's motion were not untimely, plaintiff presented no evidence to meet his burden under Rule 60(b)(3), which requires clear and convincing evidence of fraud, misrepresentation or conduct. (ECF No. 58 at 2 n.1.)

    B. Legal Standards

Rule 60(b) of the Federal Rules of Civil Procedure provides:

////

On motion and just terms, the court may relieve a party or its legal representative from a final judgment, order, or proceeding for the following reasons:

(1) mistake, inadvertence, surprise, or excusable neglect;

(2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b);

(3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party;

(4) the judgment is void;

(5) the judgment has been satisfied, released, or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or

(6) any other reason that justifies relief.

Fed. R. Civ. P. 60(b).[2] In addition, "[a] motion under Rule 60(b) must be made within a reasonable time -- and for reasons (1), (2), and (3) no more than a year after the entry of the judgment or order or the date of the proceeding." Fed. R. Civ. P. 60(c).

C. Discussion

Here, plaintiff seeks relief on the grounds of misconduct, which falls squarely under Rule 60(b)(3). Motions brought under 60(b)(3) must be filed within one year of the order or judgment. Fed. R. Civ. P. 60(c). Therefore, plaintiff's motion seeking reversal of the January 24, 2018 order revoking plaintiff's in forma pauperis status is untimely because his motion was submitted to prison authorities for mailing over one year and three months after the order was entered. To the extent plaintiff challenges the entry of judgment on March 27, 2018, plaintiff fares no better because his motion was submitted over a year and a month after judgment was entered. Moreover, the one year period "is not tolled during an appeal." Nevitt v. United States, 866 F.2d 1187, 1188 (9th Cir. 1989) (citations omitted) ("pendency of an appeal does not toll the one year period.").

---

[2] A final order may also be reconsidered under Rule 59(e) (motion to alter or amend a judgment), but such rule does not apply where the motion was filed more than 28 days after judgment was entered. See Fed. R. Civ. P. 59(e) (requiring a motion to alter or amend a judgment to be filed within 28 days after entry of judgment).

4

Because plaintiff's motion was not filed within a year of either the January 24, 2018 order or the March 27, 2018 judgment, this court lacks jurisdiction to consider plaintiff's untimely motion. Id. at 1188.

Accordingly, IT IS HEREBY ORDERED that plaintiff's motion to return jurisdiction (ECF No. 57) is denied as moot; and

IT IS RECOMMENDED that plaintiff's motion to vacate (ECF No. 56) be denied.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within fourteen days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Any response to the objections shall be filed and served within fourteen days after service of the objections. The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

Dated: July 3, 2019

KENDALL J. NEWMAN
UNITED STATES MAGISTRATE JUDGE

/diaz2083.60b